FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2000 SEP 19 A 8: 13
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GREGORY CARSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. JFM-96-2882 |
| ) | |
| GIANT FOOD INC., et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **STIPULATED CONFIDENTIALITY ORDER**

The parties, through undersigned counsel, hereby stipulate, and it is hereby ordered, as follows:

1. The parties may designate as confidential certain documents produced for inspection and copying; portions of deposition transcripts, videotapes, and exhibits; responses to interrogatories, requests to production of documents, and requests for admissions; and experts' statements ("Confidential Material"). Such designation shall be limited to information propounded by the designating party (which includes, but is not limited to, deposition transcripts, videotapes, and exhibits; responses to interrogatories, requests for the production of documents, and requests for admissions; and experts' statements) that the designating party in good faith believes constitutes a trade secret; confidential or proprietary information of a party; highly personal or medical information; or the parties' tax returns. Such

designation shall, without more, subject the information designated to the protections and provisions of this Stipulated Confidentiality Order.

2.  Confidential Material, and all copies, summaries, and reproductions thereof, shall be held in the strictest of confidence; shall be maintained securely; shall be used solely for the purpose of prosecuting or defending this litigation; and shall be made available only to Qualified Persons.

3.  The term "Qualified Persons" means (1) the parties in this action and their employees; (2) counsel of record for the parties in this action and their employees; (3) the Court and its officers, agents, and employees; (4) witnesses at depositions and at trial; and (5) experts and consultants assisting a party or its counsel in this action.

4.  Access to Confidential Material by witnesses, experts, and consultants shall be limited to documents that the witness, expert, or consultant reasonably needs to review in his or her role as witness, expert, or consultant and shall be disclosed only after the witness, expert, or consultant has read this Stipulated Confidentiality Order and has executed the attached verification.

5.  Confidential Material shall be designated as follows:

a.  In the case of designated documents, there shall be placed on each page of each document containing Confidential Material the following legend: "<u>CARSON V. GIANT FOOD INC.</u>: CONFIDENTIAL MATERIAL."

b.  In the case of designated portions of responses to interrogatories, responses to requests for production, responses to requests for admission, and

experts' statements, there shall be placed on each page of each document containing Confidential Material the following legend: "<u>CARSON V. GIANT FOOD INC.</u>: CONFIDENTIAL MATERIAL."

    c.    In the case of designated portions of deposition transcripts/exhibits, the designating party shall, within ten (10) days of receipt of the deposition transcript/exhibit, advise the court reporter to separately bind that portion of the deposition transcript/exhibit containing Confidential Material and place on each page of those portions of the deposition transcript/exhibit the following legend: "<u>CARSON V. GIANT FOOD INC.</u>: CONFIDENTIAL MATERIAL." During this ten (10) day period, all parties shall maintain the deposition transcript and all of its exhibits in the strictest of confidence.

    d.    In the case of designated portions of deposition videotapes, there shall be placed on the front of the tape containing Confidential Material a label with the following legend, "<u>CARSON V. GIANT FOOD INC.</u>: CONFIDENTIAL MATERIAL AT _____," indicating the location of the Confidential Material, by the times (in minutes) the Confidential Material begins and ends. Only those portions of the videotape that contain Confidential Material shall be deemed protected by and subject to this Stipulated Confidentiality Order.

    6.    In the event that a party disputes the designation of information as Confidential Material, its counsel shall notify counsel for the designating party of the challenge within ten (10) business days of being notified of the designation. Counsel shall confer in good faith to resolve the dispute within the next five (5)

business days.  In the event that the parties are unable to resolve the dispute, the challenging party shall move the Court for an order of disclosure, with the burden remaining on the designating party to justify its designation under Rule 26(c) of the Federal Rules of Civil Procedure.  Pending resolution of the dispute by the Court, the designated information shall be treated as Confidential Material.

7.   All Confidential Material filed with, provided to, or sent to the Court, including all pleadings, deposition transcripts, exhibits, discovery responses, or memoranda containing such information, shall be filed under seal, in accordance with Rule 105.11 of the Local Rules for the United States District Court for the District of Maryland, and labeled "CONFIDENTIAL MATERIAL -- SUBJECT TO STIPULATED CONFIDENTIALITY ORDER."  At the end of this litigation, the Clerk of the Court may return to counsel or destroy any sealed material.

8.   Upon settlement, final judgment, or termination of any appeal, all originals, copies, summaries, or other reproductions of Confidential Material in the possession of other parties, their counsel, or any person provided access to Confidential Materials shall be collected by said counsel and either destroyed or returned to counsel for the other party, along with a certification that all such originals, copies, summaries, and other reproductions have been collected and destroyed or returned.  If a party requests the return of its Confidential Materials, then the requesting party shall reimburse the other party for any copying costs actually incurred by the other party in obtaining the Confidential Materials.

9. Nothing in this Stipulated Confidentiality shall be deemed a determination of the relevance, materiality, or admissibility of any Confidential Material or shall restrict the use of disclosure by a party of any of its own documents or information.

10. The terms of this Stipulated Confidentiality Order shall survive the termination of this action and shall continue in full force and effect.

11. No modification of or amendment to this Stipulated Confidentiality Order is permitted except by a writing signed by counsel for both parties and approved by the Court.

SO AGREED:

_____
Kumiki Gibson

WILLIAMS & CONNOLLY LLP

725 Twelfth Street, N.W.
Washington, DC  20005

Counsel for Defendants
Giant Food Inc., Pete Manos,
Deborah Lilly, Nicholas Sacchetti,
and Robert Schoening

_____
W. Michael Jacobs

LAW OFFICE OF
  W. MICHAEL JACOBS

30 Corporate Center - Suite 300
10440 Little Patuxent Parkway
Columbia, Maryland  21044

Counsel for Plaintiff Jerry Mungro

IT IS SO ORDERED, this ___ day of ____, 2000.

_____
The Honorable J. Frederick Motz
United States District Court

- 5 -