IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREGORY CARSON | * | |
| | * | |
| v. | * | Civil No. JFM-96-2882 |
| | * | |
| GIANT FOOD, INC., ET AL. | * | |

\*\*\*\*\*

MEMORANDUM

By a letter dated February 24, 2002, plaintiffs have informally requested this court to alter and amend its ruling in the letter order dated February 20, 2002, awarding plaintiffs $25,000 for work done by Dr. Harriet Zellner that would not have had to be performed but for a mistake made by defendant Giant Food in compiling statistical information that was forwarded to Dr. Zellner.

First, plaintiffs ask that the amount of the award be increased by $16,075 because of attorney fees and costs that three of the plaintiffs (Messrs. Carson, Newman, and Blocker) incurred in obtaining the $25,000 award. I previously ruled that plaintiffs should not be compensated for these attorney fees and costs. I adhere to that ruling. As I previously stated, Giant's mistake was entirely inadvertent. Moreover, if plaintiffs had handled this issue in a responsible manner, their attorney fees and costs would have been negligible.

Second, plaintiffs' counsel requests that the $25,000 be awarded not to all plaintiffs but only to three of them, Messrs. Carson, Newman, and Blocker, under the theory that they were the only plaintiffs to pay the additional costs. The record demonstrates that at least one other plaintiff in this case, Mr. Mungro, has asserted a claim for reimbursement from the $25,000. Moreover, it also appears from the record that some or all of the plaintiffs in the related Muhammad litigation may also have valid reimbursement claims. Finally, based upon the

February 24, 2000 letter, it appears that plaintiffs' counsel may also have contemplated being paid $16,075 for attorney fees and costs out of the award although the award expressly was for fees paid to Dr. Zellner in connection with preparing two statistical reports.

Based on the record before me, it seems that plaintiffs' counsel is confused as to the basis of the $25,000 award. $8000 was awarded for additional expenses associated with Dr. Zellner's first statistical report. $17,000 was awarded for additional expenses associated with Dr. Zellner's second statistical report. It is unreasonable to argue that only Messrs. Carson, Newman, and Blocker paid Dr. Zellner for the overpayments that have been awarded. Numerous plaintiffs in Muhammad and Carson contributed to the total costs of the two reports.

I have determined that the most efficient and fair way to administer the $25,000 is to place upon plaintiffs' counsel, Jo Ann P. Myles, Esq., the responsibility to compute each plaintiff's share of the award.[1] Ms. Myles is to determine the proportional contribution of each plaintiff, whether a Muhammad plaintiff or a Carson plaintiff, to each report, and then determine, based upon that calculation, the amount of reimbursement each plaintiff is entitled to. For example, if Plaintiff A contributed ten percent of the cost of the first statistical report, he is entitled to ten percent of $8000 ($800). If Plaintiff B contributed seven percent of the cost of the second statistical report, he is entitled to seven percent of $17,000 ($1,190).

Ms. Myles is directed to submit her computations to the court, sending copies to counsel for Giant and to Mr. Mungro on or before April 26, 2002. If either Giant or Mr. Mungro have

---

[1] None of the $25,000 should be paid to Ms. Myles. Nor should any of the award be paid to Dr. Zellner in connection with her costs related to preparing materials in support of plaintiffs' renewed motion for sanctions.

2

any objection to the calculations, they should file their objections on or before May 10, 2002. If no objections are filed, Giant should then issue separate checks to each plaintiff in the amount shown on Ms. Myles' computation sheet.

Date: *April 2, 2002*

/s/ J. Frederick Motz
J. Frederick Motz
United States District Judge